```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DAVID DELAROSA,

                    Petitioner,              11 Civ. 8714

    -against-                                OPINION


UNITED STATES OF AMERICA


------------------------------------------X

A P P E A R A N C E S:


        Pro Se

        DAVID DELAROSA


        Attorney for Respondent

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        By:  Rachel Maimin, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/12

**Sweet, D.J.**

Petitioner David Delarosa (the "Petitioner" or "Delarosa") has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"), which has been opposed by respondent the United States (the "Respondent" or the "Government").

On March 21, 2005, Delarosa was convicted in this Court of narcotics trafficking, in violation of 21 U.S.C. § 846 (the "Conviction"). He now claims that he should be immediately released from serving his sentence because this conviction does not appear on his criminal history report or "rap sheet."

Based upon the conclusions set forth below, the Petition is denied.

**Prior Proceedings**

On May 5, 2004, Indictment 04 Cr. 424 (RWS) was filed in the Southern District of New York, charging the Petitioner

1

and others with participating in a heroin trafficking conspiracy in violation of 21 U.S.C. § 846.

On February 3, 2005, the Petitioner appeared before Magistrate Judge Andrew J. Peck, and entered a plea of guilty. The Petitioner's plea was accepted on March 21, 2005 (the "Conviction"). On April 25, 2006, the Petitioner appeared before this Court and was sentenced to 188 months' imprisonment and five years' supervised release, and the mandatory $100 special assessment was imposed.

While serving his sentence, the Petitioner filed, in the United States District Court for the Middle District of Pennsylvania, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his Conviction. That petition was denied without prejudice, and the Petitioner filed an appeal to the United States Court of Appeals for the Third Circuit on June 20, 2011. On August 30, 2011, the circuit court denied the Petitioner's appeal.

The instant Petition was filed on December 5, 2011 and it was marked fully submitted on March 14, 2012.

**Discussion**

As the Petitioner is pro se, his submissions will therefore be liberally construed and read to raise the strongest argument they suggest. See e.g., Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); U.S. v. Ramirez, No. 98 Cr. 927(RWS), 2012 WL 11280, at *1 (S.D.N.Y. Jan. 3, 2012).

Section 2255 of Title 28 of the United State Code provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

While incarcerated, the Petitioner sent his fingerprints to the Federal Bureau of Investigation (the "FBI") and requested a copy of the criminal history report associated with those fingerprints. (Petition at 4). On February 28, 2011 after running the Petitioner's fingerprints, the FBI informed

3

him that there was "no arrest record" associated with those prints (the "FBI Letter"). (Petition at Exh. A).

Based on the FBI Letter, the Petitioner claims that he is entitled to immediate release. (Petition at 6). The Petitioner asserts that the Department of Justice (the "DOJ") and FBI has affirmatively declared that he has no criminal record or convictions (including the instant offense). (Petition at 4). He argues that he is thus being held in violation of the Due Process Clause of the Fifth Amendment. (Id.).

The Petitioner does not dispute the Conviction that he was convicted of conspiracy to distribute heroin by this Court in 2005; the Sentence that the Court sentenced him to 188 months' imprisonment as a result of the Conviction; or that he is presently incarcerated pursuant to the Conviction and Sentence. (Petition at 3-4). Instead, the Petition is based solely on the fact that the Conviction and Sentence do not appear on the Petitioner's rap sheet and thus he has no criminal record.

In addition, the Petitioner is not disputing that he is the person named in the Conviction and presently incarcerated pursuant to the Sentence. According to the Government and the records submitted, the Petitioner was fingerprinted by the United States Marshals' Service after his arrest on March 11, 2004. At this time, the Marshals' Service failed to transmit this fingerprint card to the FBI. The Government has since undertaken to transmit the fingerprints to the FBI so that the Petitioner's rap sheet will accurately reflect his criminal history.

For the foregoing reasons, the Petitioner's argument is without merit and the Petition is accordingly denied.

It is so ordered.

**New York, NY**
**October 3 , 2012**

_____
ROBERT W. SWEET
U.S.D.J.